IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PASI OF LA, INC.                                    PLAINTIFF/COUNTER-
                                                              DEFENDANT

v.                                                Civil No. 1:15cv369-HSO-JCG

HARRY PEPPER & ASSOCIATES, INC.          DEFENDANT/COUNTER-
                                                                 PLAINTIFF

and

TRAVELERS CASUALTY AND                             DEFENDANT
SURETY COMPANY OF AMERICA


MEMORANDUM OPINION AND ORDER GRANTING
MOTION [9] TO STAY PROCEEDINGS PENDING ARBITRATION
AND ADMINISTRATIVELY CLOSING CASE

BEFORE THE COURT is Defendant/Counter-Plaintiff Harry Pepper &

Associates, Inc.'s ("Harry Pepper") Motion [9] to Stay Proceedings Pending

Arbitration.  This Motion has been fully briefed.  Upon review of the record and

relevant legal authority, the Court will grant the Motion [9] and stay this action as

to all parties pending the outcome of related litigation and the currently pending

arbitration proceeding.

I.  BACKGROUND

Harry Pepper was the general contractor on a construction project (the

"Project") for the United States National Aeronautics and Space Administration

("NASA") at the John C. Stennis Space Center in Hancock County, Mississippi.

Compl. [1], at 2–3.  Acting as surety for Harry Pepper, Defendant Travelers

Casualty and Surety Company of America ("Travelers") posted payment and

performance bonds on the Project pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq. Id.* at 3.

On June 24, 2014, Harry Pepper entered into a subcontract agreement (the "Subcontract") with Plaintiff/Counter-Defendant, PASI of LA, Inc. ("PASI") in which PASI agreed to perform certain items of work, including abrasive blasting and painting of various components of a rocket engine test stand. *Id.* Harry Pepper agreed to pay PASI $4,874,435.00 for successful and timely performance of the work contemplated in the Subcontract. The Subcontract contained a section titled "Article 9 - Disputes" that set forth procedures for resolution of any potential disputes. Subcontract [9-1], at ¶9.4.2.

During the course of the Project, disputes arose over PASI's performance. Harry Pepper alleges that "PASI allowed blasting material that had been contaminated by lead-based paint being removed from painted surfaces to be released from containment." Answer [7], at 8. The alleged contamination delayed the Project and resulted in additional costs for cleaning the contaminated material from exposed surfaces throughout the test stand. *Id.* NASA and others made claims against Harry Pepper for costs associated with the contamination cleanup. *Id.* On February 25, 2015, Harry Pepper terminated the Subcontract for default.

On August 27, 2015, Harry Pepper filed a Demand for Arbitration against PASI, alleging breach of the Subcontract. *See* PASI Arbitration Answer [9-2], at 4. This arbitration remains pending and is being administered by the American Arbitration Association ("AAA"), Case Number 01-15-0004-7930 (the "Arbitration

2

Proceeding"). *Id.* PASI has answered and brought counterclaims against Harry Pepper in the Arbitration Proceeding. *See id.*

On October 1, 2015, PASI filed suit in the United States District Court for the Middle District of Louisiana seeking declaratory and injunctive relief from the pending Arbitration Proceeding, and naming as defendants Harry Pepper, Jacobs Technology, Inc. ("Jacobs"), and NASA. Compl. [1], *PASI v. Harry Pepper, et al.*, No. 3:15cv655 (M.D. La. Oct. 1, 2015) (the "Injunction Proceeding"). Among other things, PASI seeks through the Injuction Proceeding to enjoin the ongoing Arbitration Proceeding, on the theory that its dispute with Harry Pepper is not subject to mandatory arbitration. *Id.* at ¶45. The Injunction Proceeding is currently pending, and on May 4, 2016, PASI filed a Motion to Transfer in that case seeking to transfer it to this Court. Mot. [60] Transfer, No. 3:15cv655 (M.D. La. May 4, 2016). Harry Pepper is opposing the Motion to Transfer. *See* Reply [64], at 4, No. 3:15cv655 (M.D. La. May 17, 2016).

On November 4, 2015, PASI filed the present lawsuit against Harry Pepper and Travelers under the Miller Act, seeking to recover $324,092.02 under the payment bond for amounts PASI alleges it is still owed by Harry Pepper. Pursuant to 40 U.S.C. § 3133(b)(3)(B), venue was mandatory in this Court for PASI's Miller Act suit because the contract at issue was performed in Hancock County, Mississippi. Compl. [1], at 2. Harry Pepper has filed an Answer [7] in this case and asserted counterclaims against PASI for breach of the Subcontract.

Harry Pepper filed the instant Motion [9] to Stay Proceedings Pending Arbitration on December 3, 2015.  Harry Pepper argues that this action should be stayed pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, until the issues subject to arbitration are resolved, "namely, whether PASI properly performed its work, whether the termination was justified, whether PASI is entitled to payments under the Subcontract, and whether PASI is liable to Harry Pepper for breach of the Subcontract." Mot. [9], at 3.  Although it has filed no formal motion before this Court raising the issue, PASI contends that the underlying dispute is not subject to mandatory arbitration pursuant to the Subcontract, and even if it were, enforcing arbitration under the facts of this case would be unconscionable because arbitration fees would exceed the amount in controversy.  Resp. [14], at 3. PASI further argues that it has stated a viable cause of action against Travelers, which is not a party to the arbitration agreement, and therefore this lawsuit should move forward.  *Id.*

On January 11, 2016, PASI filed an unopposed motion to stay this matter until April 15, 2016, so the parties could attempt resolution through mediation. This Motion [19] to Continue was granted, and this matter was stayed until April 15, 2016.  The Court further agreed to withhold ruling on the Motion [9] to Stay until that time.  During a status conference held on May 6, 2016, the parties represented that the mediation was unsuccessful, such that the Motion [9] to Stay Proceedings is now ripe for resolution.

4

## II. DISCUSSION

A.   Legal Standard

Under the Federal Arbitration Act ("FAA"),  9 U.S.C. § 1, *et seq.*, when a suit is brought in federal court upon an issue that is "referable to arbitration" based upon a written arbitration agreement between the parties, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.  "If the issues in a case are within the reach of that arbitration agreement, the district court has no discretion under section 3 to deny the stay." *Texaco Expl. & Prod. Co. v. AmClyde Engineered Products Co.*, 243 F.3d 906, 909 (5th Cir. 2001) (citation omitted).

Beyond the stay mandated by Section 3, a district court also has the discretion to stay claims between non-arbitrating parties pending the outcome of an arbitration as a means of controlling its docket.  *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993); *United States ex rel. John Jamar Const. Servs. v. Travelers Cas. & Sur. Co. of Am.*, No. CIV.A. H-14-3363, 2015 WL 757858, at *1 (S.D. Tex. Feb. 23, 2015).  A stay is warranted when "litigation will destroy the signatories' right to a meaningful arbitration" and "thwart the federal policy in favor of arbitration."  *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004); *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002).  "[T]he district court's discretionary authority to issue a stay 'is incidental to the power inherent in every court to

5

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

B.  <u>Analysis</u>

The issue, as it has been presented to this Court in the current Motion [9], is whether this Miller Act suit should be stayed pending the outcome of the separate Arbitration Proceeding and a determination of liability between PASI and Harry Pepper.  As surety, Travelers is only obligated under the payment bond to the extent of its principal's liability, and liability is being determined, at least at this time, in the Arbitration Proceeding.  *See J.S. & H. Const. Co. v. Richmond Cty. Hosp. Auth.*, *et al.*, 473 F.2d 212, 217 (5th Cir. 1973) ("Any obligation under the bond must derive from a contractual obligation, and an action on the bond cannot precede a determination of the contract debt.").  PASI has also sought relief from the Arbitration Proceeding in the separate Injunction Proceeding in another court, but that case is still pending.

Although Harry Pepper contends that by requesting a stay of this case, it "has asked this Court to rule that the underlying claims between Harry Pepper and PASI are subject to arbitration," the Court is not persuaded that this question has been properly raised by the pleadings presently before this Court.  Reply [18], at 2. Moreover, this Court need not reach the issue of arbitrability to determine whether a stay of this case is warranted.  Liability under the payment bond in this Miller Act suit depends upon the outcome of the Injunction Proceeding and Arbitration

Proceeding.  It logically follows that a discretionary stay of this action is warranted in the interest of judicial economy until those determinations have been made.  *See Ambraco*, 570 F.3d at 243.

PASI argues that a stay is not appropriate because (1) the dispute is not subject to mandatory arbitration, but arbitration was merely contemplated as a possibility in the Subcontract and cannot be compelled; (2) compelling arbitration would be unconscionable because of excessive fees and unequal bargaining power; and (3) this suit need not be stayed because Travelers is not a party to the arbitration.  Mem. Resp. [15], at 9.  PASI's first two arguments, that the Court should not compel arbitration, speak to issues which have not been properly presented to this Court.

Importantly, neither party has moved this Court to compel or enjoin arbitration.  The parties have asserted claims for money damages.  Compl. [1]; Answer [7].  The record reflects that both Harry Pepper and PASI are currently participating in the Arbitration Proceeding.  PASI Arbitration Answer [9-2].  At this point, with both parties participating in the arbitration and neither party in default or having requested injunctive relief from this Court, a ruling on the arbitrability issue in this Court would create the risk of inconsistent judicial determinations.  In the Injunction Proceeding in the Middle District of Louisiana, which was commenced before this action, PASI has sought declaratory and injunctive relief from arbitration.  The issue of arbitrability is presently before that Court.  Were this Court to rule on the arbitrability issue here, it would run the risk of creating an

7

inconsistent judicial determination.  The Court finds it preferable to stay this action until the Court in the Injunction Proceeding has decided the arbitrability issue, and any resulting arbitration is concluded.

PASI's final argument, that this civil action should not be stayed as to Travelers because Travelers is not a party to the arbitration agreement, is not persuasive.  The Fifth Circuit has held that while a subcontractor's dispute with the contractor is being arbitrated, a stay of the subcontractor's Miller Act suit is appropriate.  *United States. ex rel. Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1013 (5th Cir. 1976).   The Court further finds that with these proceedings stayed as to Harry Pepper, and Travelers' liability as surety dependent upon the liability of Harry Pepper, the claim against Travelers should be stayed pending the outcome of the Injunction Proceeding and the Arbitration Proceeding as a matter of judicial economy.  *See Complaint of Hornbeck*, 981 F.2d at 755.

The Court will therefore stay this action, not pursuant to Section 3 as suggested by Harry Pepper, but pursuant to its inherent authority to control its docket, pending a ruling on the issue of arbitrability from the Court in the Injunction Proceeding in the first instance.  This Miller Act suit cannot be litigated until the threshold issues of arbitrability and liability between PASI and Harry Pepper have been determined.  Those issues were first presented in other forums.

III.   <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.  This matter should be stayed pending the outcome of the underlying liability dispute between PASI and Harry Pepper.  Harry Pepper's Motion will be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [9] to Stay Proceedings Pending Arbitration filed on December 3, 2015, by Defendant Harry Pepper & Associates, Inc. is **GRANTED**.  This civil action is hereby **STAYED** and administratively closed pending the resolution of the issues raised in the Injunction Proceeding in the United States District Court for the Middle District of Louisiana, Civil No. 3:15cv655, and the Arbitration Proceeding in *Harry Pepper & Associates, Inc. vs. PASI of LA, Inc.*, AAA Case Number 01-15-0004-7930. Upon resolution of these underlying issues or any resulting arbitration, any party may move within 14 days to reopen this case and lift the stay.

**SO ORDERED AND ADJUDGED**, this the 23rd day of May, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE